## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher J. Scroggins

    v.                            Case No.  1:21-cv-870-JL

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Christopher J. Scroggins, a prisoner incarcerated at the Federal Correctional Institution in Berlin, New Hampshire[1] ("FCI Berlin"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) challenging a Bureau of Prisons ("BOP") disciplinary decision.  Before the court is the Warden's motion for summary judgment (Doc. No. 10) asserting that Mr. Scroggins failed to properly exhaust BOP's administrative remedies and that, irrespective of exhaustion, Mr. Scroggins received adequate due process.  Mr. Scroggins objects (Doc. Nos. 12, 13).  As explained below, the district judge should grant the Warden's motion because the undisputed facts demonstrate that Mr. Scroggins failed to properly exhaust certain claims and received adequate due process as to his remaining claims.

---

[1] The incident and related disciplinary proceeding that are the subjects of Mr. Scroggins's petition occurred while he was housed at the United States Penitentiary in Yazoo City, Mississippi ("USP Yazoo City") and prior to his arrival at FCI Berlin.

**Summary Judgment Standard**

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the mov[ing party] is entitled to judgment as a matter of law.'" Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 87 (1st Cir. 2020) (quoting Fed. R. Civ. P. 56). "A genuine dispute is 'one that must be decided at trial because the evidence, viewed in the light most flattering to the [party opposing summary judgment], would permit a rational factfinder to resolve the issue in favor of either party.'" Id. (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). The party opposing summary judgment "must adduce specific facts showing that a trier of fact could reasonably find in his favor," Johnson v. Johnson, 23 F.4th 136, 141 (1st Cir. 2022) (internal quotation marks omitted) (quoting Brader v. Biogen Inc., 983 F.3d 39, 53 (1st Cir. 2020)), and "cannot rely on 'conclusory allegations, improbable inferences, and unsupported speculation'" id. (quoting Brader, 983 F.3d at 53; Medina-Muñoz, 896 F.2d at 8).

When considering summary judgment motions, to "determin[e] if a genuine dispute of material facts exists," Taite v. Bridgewater State Univ., Bd. of Trs., 999 F.3d 86, 93 (1st Cir. 2021), the court "'look[s] to all of the record materials on

file, including the pleadings, depositions, and affidavits'
without evaluating 'the credibility of the witnesses or weighing
the evidence,'" id. (alterations omitted) (quoting Ahmed v.
Johnson, 752 F.3d 490, 495 (1st Cir. 2014)).  When reviewing
these materials, the court "read[s] the facts in the light most
favorable to the [party opposing summary judgment] and grant[s]
all reasonable inferences in his favor."  Lachance v. Town of
Charlton, 990 F.3d 14, 20 (1st Cir. 2021).

## Background

In his petition, see Pet. (Doc. No. 1), Mr. Scroggins
challenges a BOP Disciplinary Hearing Officer's ("DHO")
decision, finding him guilty of violating BOP Prohibited Acts
Code ("Code") 203.  28 C.F.R. § 541.3, tbl.1.  Code 203
prohibits "[t]hreatening another with bodily harm or any other
offense."  28 C.F.R. § 541.3, tbl.1.  The DHO's decision
resulted in the disallowance of 27 days of Mr. Scroggins's good
conduct time, seven days of disciplinary segregation, and a six-
month loss of commissary.  Pet. (Doc. No. 1, at 10).

According to the incident report prepared by BOP Counselor
J. Boone, Mr. Scroggins's disciplinary violation occurred on
January 27, 2021 when Ms. Boone warned Mr. Scroggins that he
would receive an incident report if he continued to hit an
emergency button for non-emergency reasons.  BOP Incident

Report, Jan. 27, 2021, Pet. Ex. A (Doc. No. 1-1, at 1).  In

response, Mr. Scroggins stated: "[I do] not give a [f]uck about

an incident report."  Id.  When Ms. Boone informed Mr. Scroggins

that the oncoming officer would be aware of this warning, Mr.

Scroggins told her that her attitude was going to "get [her] ass

whoop up in here" and further stated: "We will see. Watch."  Id.

   The same day, January 27, 2021, a BOP staff member provided

Mr. Scroggins with a copy of the incident report charging him

with violating Code 203.  See DHO Report, Mar. 2, 2021, Pet. Ex.

C (Doc. No. 1-1, at 3).  On February 3, 2021, Mr. Scroggins was

advised of his rights with regard to the disciplinary proceeding

against him, and he appeared at the disciplinary hearing on

March 2, 2021.  Id.  During the hearing, Mr. Scroggins denied

the charge of violating Code 203 and represented to the DHO that

he was not the one who made the threatening statements.  Id.

Mr. Scroggins's staff representative also appeared during the

hearing.  Id.  She viewed the video footage and shared her

observations of Ms. Boone making rounds, approaching Mr.

Scroggins's cell, turning off a prisoner duress alarm, speaking

to someone in the cell, and after turning away from the cell,

returning to speak to someone in the cell a second time before

walking away.  Id.  In addition, at Mr. Scroggins's request, six

other prisoners, identified in the DHO Report by last name as

Scott, Seay, Burtley, Farris, Kelly, and Jones, provided written

witness statements.  Id. at 4.  All of those witness statements
indicated that the witnesses either had no comment or did not
observe the incident.  Id.

Ultimately, the DHO found, based on the greater weight of
the evidence, that Mr. Scroggins committed acts prohibited by
Code 203.  Id. at 4-6.  The DHO imposed several sanctions for
the violation including disallowance of 27 days of good conduct
time.  Id. at 5.  A BOP staff member delivered a copy of the DHO
Report to Mr. Scroggins on March 2, 2021.  Id. at 6.

Mr. Scroggins filed a timely administrative appeal,
challenging the DHO's decision and related sanctions.  Reg'l
Admin. Remedy Appeal (hereinafter "Reg'l Appeal"), Ex. 2C to
Decl. of Christopher Grider (hereinafter "Grider Decl.") (Doc.
No. 10-17, at 1-2).  In his appeal, Mr. Scroggins claimed that
he did not make the threatening statements identified in the
incident report, and that the DHO failed to call Mr. Burtley as
a witness.  Id.  On March 31, 2021, the Regional Office rejected
the appeal on the basis that "required disciplinary procedures
were substantially followed, the evidence supports the DHO's
finding, and the sanctions were appropriate for the offense."
Reg'l Appeal Resp., Ex. 2C to Grider Decl. (Doc. No. 10-17, at
3).

On May 3, 2021, Mr. Scroggins appealed the decision of the
Regional Office.  Cent. Off. Admin. Remedy Appeal (hereinafter

"Cent. Off. Appeal"), Ex. 2D to Grider Decl. (Doc. No. 10-18, at 1).  In this appeal, Mr. Scroggins principally argued that there was no evidence that he made threatening statements in violation of Code 203.  Id.  The Central Office rejected Mr. Scroggins's appeal and found that the DHO's decision was supported by the evidence and that the disciplinary process complied with Mr. Scroggins's due process rights.  Cent. Off. Admin. Remedy Resp., Ex. 2D to Grider Decl. (Doc. No. 10-18, at 2).  On November 4, 2021, Mr. Scroggins proceeded with his Section 2241 petition seeking to expunge the Code 203 violation and related sanctions, including reinstatement of the 27 days of disallowed good conduct time.  Pet. (Doc. No. 1, at 11).

## Discussion

The Warden seeks summary judgment on the basis that Mr. Scroggins failed to exhaust his administrative remedies as to certain claims raised for the first time in his Section 2241 petition.  The Warden also asserts that, even if the court were to find that all of the claims raised in Mr. Scroggins's petition were properly exhausted, Mr. Scroggins received adequate due process as a matter of law.  In response, Mr. Scroggins contends that he properly exhausted his administrative remedies and that his due process rights were violated because: (1) the DHO was biased against him due to a complaint Mr.

Scroggins made alleging abuse by another BOP staff member; (2) the DHO improperly excluded witness testimony during Mr. Scroggins's disciplinary proceeding and forged written witness statements; (3) the DHO misrepresented the statement Mr. Scroggins's staff representative made at the hearing; (4) Mr. Scroggins is actually innocent of the violation, and thus the DHO lacked sufficient evidence to find him guilty; and (5) the DHO decision improperly impacted Mr. Scroggins's custody classification.

## I.   Exhaustion of Administrative Remedies

"In general, a [Section] 2241 petitioner must exhaust available administrative remedies before [he] can obtain relief in federal court." Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020) (per curiam).  This administrative exhaustion requirement serves twin purposes: "promoting judicial efficiency" and "protecting administrative agency authority." Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 175 (1st Cir. 2016) (quotation omitted).  Proper exhaustion requires prisoners to "provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." Beltran v. O'Mara, 405 F. Supp. 2d 140, 151 (D.N.H. 2005) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)).  This "notice pleading" standard

affords the BOP "time and opportunity to address complaints internally." O'Mara v. Dionne, No. 08-cv-51-SM, 2009 U.S. Dist. LEXIS 92817, at *11, 2009 WL 3244742, at *4 (D.N.H. Oct. 5, 2009) (quoting Testman, 380 F.3d at 697).   In a Section 2241 action, the government bears the burden to raise and prove the affirmative defense that the petitioner failed to exhaust his administrative remedies.   See Acosta v. Daniels, 589 F. App'x 870, 873 (10th Cir. 2014) (citing Jones v. Bock, 549 U.S. 199, 212 (2007)).

As to certain claims raised in his Section 2241 petition, Mr. Scroggins failed to properly exhaust the administrative remedies available to him.   Specifically, in his administrative appeals to the Regional and Central Offices, Mr. Scroggins never mentioned, and thus never alerted either Office to claims of, the DHO's alleged bias against Mr. Scroggins, the DHO's alleged misrepresentation of the staff representative's statement, or the effect of the disciplinary decision on Mr. Scroggins's custody classification.   Where the BOP was not afforded an opportunity to address those claims internally, Mr. Scroggins failed to exhaust his administrative remedies as to those claims.[2]

---

[2] Aside from a vague assertion that he lacked adequate access to a law library (Doc. No. 12, ¶ 4), Mr. Scroggins does not raise any exceptions to the issue of exhaustion, and based

The BOP, however, received notice of Mr. Scroggins's claims regarding insufficient evidence to support the DHO's decision and missing witness statements.  Mr. Scroggins expressly argued in his administrative appeals that the DHO's decision was unsupported because Mr. Scroggins did not make the threatening statements in question, and that his due process rights were violated because Mr. Burtley was not called as a witness.  Reg'l Appeal (Doc. No. 10-17, at 1-2); Cent. Off. Appeal (Doc. No. 10-18, at 1).  Thus, the BOP was on notice of Mr. Scroggins's claims concerning insufficient evidence and missing witness testimony.  Accordingly, this court considers whether there is a genuine dispute of material fact as to those issues, or whether judgment may be granted to the Warden as a matter of law.[3]

## II.  Due Process for Disciplinary Proceedings

"[D]ue process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." Superintendent v. Hill, 472 U.S. 445, 453 (1985) (citing Wolff v. McDonnell, 418 U.S. 539 (1974)).  For a

---

on the record before it, the court finds no basis to excuse exhaustion sua sponte.

[3] While the court appreciates the parties' briefing of the unexhausted claims, it declines to address the merits of any claims not exhausted through the BOP administrative appeal process.

BOP disciplinary hearing, these due process procedural
protections include "written notice of the charges at least
twenty-four hours in advance of the hearing," Surprenant v.
Rivas, 424 F.3d 5, 16 (1st Cir. 2005) (citing Wolff, 418 U.S. at
564); "the ability to call witnesses and present documentary
evidence," id. (citing Wolff, 418 U.S. at 566); "an impartial
decisionmaker," id. (citing Wolff, 418 U.S. at 570–71); and "a
written statement by the factfinder of the evidence relied on
and the reasons for the disciplinary action," Hill, 472 U.S. at
454 (citing Wolff, 418 U.S. at 563–67).

When a DHO disallows good time credits as a penalty for a
disciplinary violation after a disciplinary hearing, due process
requires the support of that decision by "some evidence in the
record."  Id.  The DHO's decision satisfies this standard when
"any evidence in the record" exists "that could support the
conclusion reached . . . ." Id. at 455–56.  "The evidentiary
requirement in reviewing prison disciplinary actions is met even
when the evidence 'might be characterized as meager'; it simply
must not be 'so devoid of evidence as to make the findings of
the institution without support or otherwise arbitrary.'" Brown
v. Kallis, No. 21-cv-920 (PJS/ECW), 2022 U.S. Dist. LEXIS 92674
at *27-28, 2022 WL 1652933 at *8 (D. Minn. Apr. 21, 2022)
(quoting Flowers v. Anderson, 661 F.3d 977, 980 (8th Cir. 2011)
(quoting Hill, 472 U.S. at 457))), R&R adopted, 2022 U.S. Dist.

LEXIS 92665, at *1, 2022 WL 1645666, at *1 (D. Minn. May 24, 2022).  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Hill, 472 U.S. at 456.

### III. Mr. Scroggins's Due Process Claims

#### A. Sufficient Evidence

Mr. Scroggins asserts that he did not commit the Code 203 violation, and therefore, the DHO lacked sufficient evidence in the record to find him guilty of the violation.  To comport with Mr. Scroggins's due process rights, the DHO's decision must have been supported with a "written statement . . . of the evidence relied on" in reaching that decision.  See Hill, 472 U.S. at 454 (citing Wolff, 418 U.S. at 563–67).  The "evidence relied on" must amount to "some evidence," id., a standard met by pointing to "any evidence in the record" in "support [of] the conclusion reached," id. at 455–56.  "Even when there is substantial evidence to the contrary," the DHO "may find [an incident] report to be credible and therefore take disciplinary action." Brown, 2022 U.S. Dist. LEXIS 92674, at *28, 2022 WL 1652933 at *8 (internal quotation marks omitted) (quoting Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993)); see also Hill, 472 U.S. at 457

("The Federal Constitution does not require evidence that
logically precludes any conclusion but the one reached . . .").

The DHO's decision met this standard, and the issued
written report cites sufficient evidence upon which the DHO
could rely to support the conclusion that Mr. Scroggins violated
Code 203.  In particular, the DHO found that Mr. Scroggins
threatened Ms. Boone in violation of Code 203 based upon Ms.
Boone's statement in the incident report, the witness statements
provided by Mr. Scroggins's witnesses, and the statement by Mr.
Scroggins's staff representative.  See DHO Report, Pet. Ex. C
(Doc. No. 1-1, at 4-5).  Given Ms. Boone's "experience in
monitoring and detecting inappropriate behavior in a prison
environment," the DHO credited her statement that Mr. Scroggins
threatened her.  Id. at 5.  The DHO also cited video footage of
the incident and the staff representative's statements
concerning the video footage, which corroborated an exchange
between Ms. Boone and someone in Mr. Scroggins's cell.  Id.  In
addition, the DHO noted that Mr. Scroggins's requested witnesses
all made statements indicating they had "no comment" or did not
observe the incident.  Id.  The DHO's finding, therefore, relied
on "some evidence," and thus did not violate Mr. Scroggins's due
process rights.

Mr. Scroggins does not claim that the evidence relied upon
by the DHO was not actually entered at his disciplinary hearing,

12

only that the evidence against him should not be credited.
Because the undisputed facts demonstrate that the DHO's finding
was based on "some evidence" that Mr. Scroggins violated Code
203, the Warden has met his burden, and his motion for summary
judgment should be granted as to this claim.


      B. Ability to Call Witnesses

The DHO accepted witness statements from several witnesses,
whose testimony was requested by Mr. Scroggins.  See DHO Report,
Pet. Ex. C (Doc. No. 1-1, at 4).  According to Mr. Scroggins,
however, the DHO failed to call one of the witnesses, Mr.
Burtley, in violation of Mr. Scroggins's due process rights.
Prisoners do not have an "absolute right to call live witnesses
at a disciplinary hearing and prison officials have wide
discretion to refuse to call witnesses who are irrelevant,
unnecessary, or who pose a security concern." Pizarro Calderon
v. Chavez, 327 F. Supp. 2d 131, 136 (D.R.I. 2004) (citing Wolff,
418 U.S. at 566).  In addition, "a prisoner cannot maintain a
due process claim for failure to permit witness testimony if he
fails to show that the testimony would have affected the outcome
of his case." Ned v. Tatum, No. 15-cv-178-LM, 2017 U.S. Dist.
LEXIS 139885, at *14, 2017 WL 3822736, at *5 (D.N.H. May 16,
2017) (quoting Brown v. Wyo. Dep't of Corr. State Penitentiary
Warden, 234 F. App'x 874, 879 (10th Cir. 2007)), R&R approved,

2017 U.S. Dist. LEXIS 139426, at *1, 2017 WL 3772656, at *1 (D.N.H. Aug. 29, 2017).

The record demonstrates that the DHO obtained witness statements from all of Mr. Scroggins's requested witnesses, including Mr. Burtley.  While Mr. Scroggins claims that Mr. Burtley's written statement is forged,[4] the court need not reach the merits of that issue because Mr. Scroggins cannot show that Mr. Burtley's testimony would affect the outcome of his case. Specifically, in his appeal, Mr. Scroggins states that Mr. Burtley would testify that he had provided Ms. Boone with a copy of Mr. Scroggins's grievance form concerning Mr. Scroggins's medical treatment or condition.  Reg'l Appeal (Doc. No. 10-17, at 2).  Mr. Scroggins claims only that Ms. Boone's receipt of this documentation from Mr. Burtley caused her to "target" Mr. Scroggins.  Id.  Even if Mr. Burtley had testified to these facts, such testimony would not have any bearing on whether Mr. Scroggins made a threatening statement in violation of Code 203.

---

[4] The BOP staff member who obtained the written statements of Mr. Scroggins's witnesses indicated that the names at the top of the witness statements do not correspond to the witness signatures due to an administrative error.  Decl. of Sean Evans (Doc. No. 10-2, ¶ 10).  He confirmed, however, that the signatures belonged to the requested witnesses, and identified the signed statement of Mr. Burtley.  Id.  Because the substance of the alleged missing testimony would have no bearing on the DHO's decision, the court makes no findings regarding the authenticity of the witness statements.

Therefore, assuming the DHO would have credited Mr. Burtley's testimony, that testimony would not have impacted the DHO's decision or demonstrated that there was insufficient evidence to find Mr. Scroggins guilty of violating Code 203.

Accordingly, the undisputed facts in the record demonstrate that none of the purported infringements on Mr. Scroggins's due process rights would, even if true, create a genuine issue of material fact as to whether the DHO's finding was based on some evidence in the record.  Where the Warden has met his burden to demonstrate that Mr. Scroggins's due process rights were upheld in connection with the DHO's finding him guilty of violating Code 203, the Warden's motion for summary judgment should be granted.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 10) and direct the clerk to enter judgment and close the case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the

right to appeal the district court's order.  See Santos-Santos
v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

February 10, 2023

cc:  Christopher J. Scroggins, pro se
     Heather A. Cherniske, Esq., U.S. Attorney's Office